UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK WALKER,

       Plaintiff,

    v.                                           24-CV-1272-LJV
                                                 ORDER
JANE DOE,

       Defendant.

---

The pro se plaintiff, Mark Walker, was a prisoner confined at the Attica Correctional Facility when he commenced this action. He asserts claims under 42 U.S.C. § 1983, alleging that his right to be free from cruel and unusual punishment was violated when the defendant, Jane Doe, was deliberately indifferent to his serious medical needs. Docket Item 1. He also has paid the required filing fee.[1]

Because Walker was a prisoner when he commenced this action, under 28 U.S.C. § 1915A(a) the Court must screen the complaint. And for the reasons that follow, Walker's claims are dismissed. More specifically, his official capacity claim is dismissed without leave to amend because any amendment would be futile. His individual capacity claim is also dismissed but with leave to file an amended complaint.

---

[1] Walker originally moved to proceed in forma pauperis (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it). *See* Docket Item 2. But after the Court denied that motion and administratively terminated the case because Walker failed to submit the required certification of his inmate trust account, Docket Item 3, he paid the fee.

## DISCUSSION

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the complaint (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

Generally, the court will afford a pro se plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A pro se complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (italics omitted) (quoting *Gomez*, 171 F.3d at 795)). But leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco*, 222 F.3d at 112.

### I.    SCREENING THE COMPLAINT

In evaluating the complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d

2

Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a pro se complaint "must plead 'enough facts to state a claim to relief that is plausible on its face[,]'" *Shibeshi v. City of New York*, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In other words, although a pro se complaint need not provide every last detail in support of a claim, it must allege some facts that support the claim.  *See id.* (concluding that district court properly dismissed pro se complaint under section 1915(e)(2) because complaint did not meet pleading standard in *Twombly* and *Iqbal*).  And even pro se pleadings must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure, *see Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004), and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[,]" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

Walker has sued Jane Doe, a doctor who treated him while he was at Attica.[2]  A liberal reading of the complaint tells the following story.

---

[2] For purposes of this screening order, the Court presumes that the alleged events occurred at Attica and that Jane Doe works at Attica or is otherwise employed by the New York State Department of Corrections and Community Supervision.  If he wishes, Walker may clarify these facts in any amended complaint.

Dr. Doe provided Walker with the "wrong medication for a medical issue[.]" Docket Item 1 at 5.  That medication "started eating [Walker's] stomach from the inside out[.]"  *Id.*  One day, Walker was "found in [his] cell unconscious and rushed to the hospital where [he] almost died[.]"  *See id.*

At some point "it was learned that Jane Doe was giving [Walker] the wrong medication."  *Id.*  Walker now must "wear adult pampers" because he cannot control his bowel movements.  *Id.*  Walker also "had to have major surgery[.]"  *Id.*

Walker has sued Dr. Doe in her official and individual capacities.  *Id.* at 2.  He seeks money damages of $1,000,000.  *Id.* at 5.

## II.   SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."  *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).  "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against a government official under section 1983, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'"  *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).  It is not

4

enough to assert that the defendant is a "link[] in the prison['s] chain of command." *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of respondeat superior is not available in a section 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Instead, "[t]he violation must be established against the supervisory official directly." *Tangreti*, 983 F.3d at 618.


### A.    Official-Capacity Claim

"The Eleventh Amendment precludes suits against states unless the state expressly waives its immunity or Congress abrogates that immunity." *Li v. Lorenzo*, 712 F. App'x 21, 22 (2d Cir. 2017) (summary order) (citing *CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 94-95 (2d Cir. 2002)). A claim for money damages under section 1983 against a state official in his or her official capacity "is in effect a claim against the governmental entity itself[.]" *Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because "New York has not waived its immunity, nor has Congress abrogated it," *Li*, 712 F. App'x at 22 (first citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); and then citing *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990)), the Eleventh Amendment bars official-capacity suits for money damages against New York State and its officials in their official capacities, *see Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Walker's official-capacity claim against Dr. Doe therefore is barred by the Eleventh Amendment. And because any amendment of that claim would be "futile," it is dismissed without leave to amend. *See Cuoco*, 222 F.3d at 112.

**B.     Eighth Amendment Claim**

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (alteration in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  "Every deliberate indifference claim must satisfy an objective and a subjective component: 'First, the alleged deprivation must be, in objective terms, sufficiently serious. Second, the defendant must act with a sufficiently culpable state of mind.'" *Rodriguez v. Gusman*, 2023 WL 219203, at *1 (2d Cir. Jan.18, 2023) (summary order) (quoting *Chance*, 143 F.3d at 702).

"[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (alterations in original) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  "'[A]n official's failure to alleviate a significant risk that he should have perceived but did not' does not meet this standard." *Id.* (alteration in original) (quoting *Farmer*, 511 U.S. at 838); *see also Rodriguez*, 2023 WL 219203, at *1 ("The defendant must have been actually aware of a substantial risk that serious inmate harm would result." (alteration, citation, and internal quotation marks omitted)).

Liberally construed, the complaint sufficiently alleges that Walker suffered a serious deprivation of adequate medical care: he says that the incorrect medication he

6

was given resulted in significant injuries including the need for "major surgery."  *See* Docket Item 1 at 5.  That certainly is serious enough.

But Walker has not alleged that Dr. Doe acted with deliberate indifference.  In fact, Walker has not alleged that Dr. Doe knew that she prescribed the wrong medication or even that she knew that the medicine was creating intestinal issues for Walker.  And for that reason, Walker has not pleaded facts suggesting that Dr. Doe acted with a "sufficiently culpable state of mind"—that is, that she was aware of and disregarded an excessive risk to Walker's health by knowingly or recklessly giving him the wrong medication.  *See Miller v. Nassau Health Care Corp.*, 2012 WL 2847565, at *7 (E.D.N.Y. July 11, 2012) ("Accidentally administering the wrong medication in this situation does not constitute recklessness, and, at worst, reaches only the level of negligence."); *see also Revels v. Corr. Med. Care, Inc.*, 2022 WL 1224407, at *9 (N.D.N.Y. Apr. 26, 2022) ("Cases have consistently held that the mistaken/negligent administration of incorrect medication is insufficient to support a claim of deliberate indifference under the Eighth Amendment.").

Because Walker has not alleged the requisite subjective element, he therefore has not alleged a colorable Eighth Amendment claim.  Nevertheless, and in light of Walker's pro se status, *see generally Cuoco*, 222 F.3d at 112, the Court grants him permission to amend the claim to plead, if possible, specific facts showing that Dr. Doe acted or failed to act while actually aware of a substantial risk that serious harm would result.  In any amended complaint, Walker also may provide additional facts such as where and when this alleged constitutional violation occurred, as well as any

7

information—e.g., position or job title, shift and location worked, physical description, etc.—that might help to identify Dr. Doe.

### CONCLUSION

For the reasons stated above, Walker's claim against Jane Doe in her official capacity is dismissed without leave to amend. Walker's claim against Jane Doe in her individual capacity is also dismissed, but in light of Walker's pro se status, he may file an amended complaint **within 45 days of the date of this order** that corrects the deficiencies noted above and otherwise complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Walker is advised that an amended complaint is intended to ***completely replace*** the prior complaint in the action and thus "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)*; see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint ***must include all allegations against each defendant*** so that the amended complaint stands alone as the only complaint that any defendant must answer in this action.

**ORDER**

In light of the above, IT IS HEREBY

ORDERED that Walker's claim against Jane Doe in her official capacity is dismissed under 28 U.S.C. § 1915(e)(2)(b)(iii) and 28 U.S.C. § 1915A(b)(2) without leave to amend; and it is further

ORDERED that Walker's claim against Jane Doe in her individual capacity is dismissed under 28 U.S.C. § 1915(e)(2)(b)(ii) and 28 U.S.C. § 1915A(b)(1) but with leave to amend; and it is further

ORDERED that Walker may file an amended complaint **within 45 days of the date of this order**; and it is further

ORDERED that the Clerk of the Court shall send to Walker with this order a copy of the original complaint, a blank section 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Walker does not file an amended complaint correcting the deficiencies noted above **within 45 days of the date of this order**, the complaint will remain dismissed, and the Clerk of the Court shall close the case without further order; and it is further

ORDERED that if the complaint remains dismissed because Walker does not file an amended complaint correcting the deficiencies noted above **within 45 days of the date of this order**, this Court hereby certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals in forma pauperis is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal in forma pauperis should be directed, on

motion, to the United States Court of Appeals for the Second Circuit, in accordance with

Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that Walker shall notify the Court in writing if his address changes.

The Court may dismiss the action if Walker fails to do so.

SO ORDERED.

Dated:   August 3, 2026
         Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE